(869 P.2d 249)
No. 69,517

DAVID R. SHADDOX, *Appellee*, v. DEBRA SCHOENBERGER, *Appellant*.

Opinion filed March 4, 1994.

*Thea Rademacher* and *Dionne M. Scherff*, of Wyandotte-Leavenworth Legal Services, of Kansas City, for the appellant.

No appearance for the appellee.

Before BRISCOE, C.J., LARSON, J., and RUSSELL D. CANADAY, District Judge, assigned.

BRISCOE, C.J.: Debra Shaddox Schoenberger appeals from the district court's order of child support.

David Shaddox and Schoenberger were divorced in 1989 after a 10-year common-law marriage. Shaddox has custody of the parties' minor child. Whether Schoenberger should pay child support to Shaddox and the amount of that support were the questions presented to the district court. Shaddox requested child support for this child in the amount of $120 per month and submitted a child support worksheet supporting his request. After a hearing, the administrative hearing officer ordered Schoenberger to pay

child support of $100 per month. This hearing was apparently not recorded, and a worksheet supporting the amount ordered by the administrative hearing officer was not filed.

Schoenberger appealed the order to the district court, arguing no support should have been ordered because her total gross income under the Kansas Child Support Guidelines (1993 Kan. Ct. R. Annot. 71) was zero and there was no basis for imputing income in this case. She testified that she has three children: her oldest child lives with a sister and receives social security benefits as a result of his father's death; her middle child lives with Shaddox and this child's support is the subject of the present case; and her youngest child is seven months old and lives with Schoenberger. Schoenberger does not know the identity of the youngest child's father. Schoenberger testified her only income was from aid to families with dependent children (AFDC), food stamps, and a medicaid card for health care. She testified that, after she had paid $380 per month for rent plus other living expenses, her monthly expenses exceeded her monthly income by $440. She stated her family had been assisting her in the payment of her monthly expenses. At the time of the hearing, she was not working because of medical problems and because she was caring for her seven-month-old child. She had worked as a waitress but was fired after one day's work because she could not count money. She had also worked as a nurse's aid but was fired after two months because she could not read.

Shaddox testified that his gross income was $2,210 per month and his net income was $1,547 per month. He also received health insurance for his family and would be entitled to a pension benefit in a year and a half.

The district court found the administrative hearing officer had not abused his discretion, noting: "I really do not believe that there are grounds for me to reverse that decision of the hearing officer. A $100.00 a month support order is certainly minimal in this day and age, it's absolutely rock bottom." After Schoenberger stated she could pay $50 per month, the court decreased the order to $75 per month. Schoenberger filed a motion to amend, arguing the court did not make a factual finding for establishing the $75 amount. The court affirmed its prior order and noted the $75 per month payment was based upon imputed income.

The court's order did not state the basis for imputing income or how the $75 per month was calculated.

Schoenberger contends the district court abused its discretion in establishing the amount of child support. This court will reverse a district court's ruling on child support only where it is shown the trial court abused its discretion. *Stayton v. Stayton*, 211 Kan. 560, 562, 506 P.2d 1172 (1973). This court has also noted that a child support order entered without complying with the Guidelines is an abuse of discretion. Any decision which deviates from the amount dictated by the Guidelines must be supported by written findings, which shall be included in the journal entry, setting forth the reason for deviation. *In re Marriage of Schletzbaum*, 15 Kan. App. 2d 504, 506-07, 809 P.2d 1251 (1991).

I. *Lack of Record.*

The Guidelines require that "[t]he Worksheet approved by the Court shall be filed in every case where an order of child support is entered after the effective date of these guidelines." § III (1993 Kan. Ct. R. Annot. 75). In this case, there was no worksheet filed by either the administrative hearing officer or the district court to support the amount ordered to be paid. Further, assuming the worksheet filed by Shaddox was used, neither the administrative hearing officer nor the district court explained the reasons for deviating from the amount dictated by the Guidelines, except for the court's general statement that income was imputed.

Our ability to review the basis for the district court's order is further impeded by the lack of a record from the administrative hearing. Our function on appeal is to review a decision by determining whether the record and the law as it applies to the record support the factual findings and legal conclusions contained in the decision. In *In re Marriage of Case*, 18 Kan. App. 2d 457, 463, 856 P.2d 169 (1993), this court reversed and remanded after finding the record was insufficient to determine whether the administrative hearing officer's conclusions were supported by the record.

Given the lack of record, including a worksheet to support the district court's rulings, we must reverse and remand this case for calculation of child support in accordance with the Guidelines.

## II. *Basis for Imputing Income.*

Schoenberger also contends the court abused its discretion by imputing income when the basis for that imputation was AFDC payments made on behalf of another child whose child support was not at issue. She argues this is not contemplated by the Guidelines, is inconsistent with Kansas case law, and defeats the fundamental purpose of the AFDC program. Although we recognize that the court did not delineate its basis for imputing income, we can only conclude, as does Schoenberger, that AFDC payments were the basis for that imputation. The amount of support ordered would negate a conclusion that minimum wage was a basis for the support ordered. Further, AFDC was Schoenberger's only source of income. Therefore, to provide the court guidance upon remand, we will address whether the court in this case could impute income to Schoenberger based upon AFDC payments she received for the benefit of another child.

The Guidelines define domestic gross income for the wage earner as "income from all sources, excluding public assistance." § II D (1993 Kan. Ct. R. Annot. 73). However, § II E of the Guidelines states:

"1. Income may be imputed to the noncustodial parent in appropriate circumstances including the following:

a. Absent substantial justification, it should be assumed that a parent is able to earn at least the federal minimum wage and to work 40 hours per week.

b. When a parent is deliberately unemployed, although capable of working full time, employment potential and probable earnings may be based on the parent's recent work history, occupational skills, and the prevailing job opportunities in the community.

c. When a parent receives significant in-kind payments that reduce personal living expense as a result of employment, such as a company car, free housing, or reimbursed meals, the value of such reimbursement should be added to gross income.

d. When there is evidence that a parent is deliberately underemployed for the purpose of avoiding child support, the Court may evaluate the circumstances to determine whether actual or potential earnings should be used." (1993 Kan. Ct. R. Annot. 73-74.)

Schoenberger receives public assistance for herself and her seven-month-old child who lives with her. AFDC is a program to provide support for parents of a dependent child and for needy

children who live with a parent and are deprived of parental support or care by reason of the death, continued absence from the home, or physical or mental incapacity of a parent, or unemployment of a principal earner. 45 C.F.R. § 233.10(b) (2)(ii) (1992). States are not required to participate in the program, but those that do are required to follow federal regulations. *Whisler v. Whisler,* 9 Kan. App. 2d 624, 629, 684 P.2d 1025 (1984). Eligibility requirements in Kansas are governed by K.S.A. 39-709(a)(1), which provides that assistance may be granted to a needy person who "[h]as insufficient income or resources to provide a reasonable subsistence compatible with decency and health." AFDC grants provide only the basic necessities for the parent and child. For example, while the poverty level for a family of two from February 1992 to February 1993 was $9,190 (*Annual Update of the HHS Poverty Guidelines,* 57 Fed. Reg. 5455-56 [1992]), Schoenberger's total annual income was $6,372.

Basing the imputation of income upon AFDC payments made on behalf of another child whose child support is not at issue directly contradicts the policy of excluding public assistance from gross income, rendering the exclusion meaningless. By basing the imputation of income upon AFDC payments, the court ignores the fact that Schoenberger received this assistance for the benefit of another child.

In the present case, the district court does not delineate any other basis for imputing income under § II E of the Guidelines. Schoenberger was responsible for the daily maintenance, care, and support of her seven-month-old child. The child in her custody would require alternative child care if Schoenberger were to acquire employment to pay to support her child in Shaddox's custody. While Kansas requires AFDC recipients to participate in work-related activities, a parent personally caring for a child under the age of three is exempted from such requirements. The Kansas Public Assistance Manual § 2191(8) (1993). Given her job skills, Schoenberger would only qualify for a minimum wage job, which would leave her little on which to live, let alone enough to pay child support. Given her child care responsibilities and limited job skills, there is substantial justification in the record presently before us for not imputing minimum wage income to Schoenberger.

The Guidelines recognize the need to protect children living with a parent who pays child support for another child living outside the home. The "multi-family adjustment" reduces the noncustodial parent's child support obligation when the noncustodial parent has legal financial responsibility for the support of other children besides the children shared with the custodial parent. § IV E (1993 Kan. Ct. R. Annot. 76). Further, the Kansas Commission on Child Support felt it inequitable to impute income when the costs of child care and transportation approximate the custodial parent's earning ability or when the parent or child is disabled, making it impractical for the parent to work. Report of the Kansas Commission on Child Support, 10 (1987).

Reversed and remanded for further proceedings. Upon remand, the court should not impute income to Schoenberger based upon AFDC benefits she receives on behalf of another child.