· (914 P.2d 576)
No. 74,602

IN THE MATTER OF THE MARRIAGE OF CHERYL S. DENNING, *Appellant,* and THOMAS L. DENNING, *Appellee.*

—

Opinion filed April 5, 1996.

*Rebecca A. Bartee,* of Kansas Department of Social and Rehabilitation Services, of Hays, for appellant.

*Robert F. Glassman,* of Glassman, Bird & Braun, of Hays, for appellee.

Before ROYSE, P.J., GERNON, J., and MARLA J. LUCKERT, District Judge, assigned.

ROYSE, J.: This appeal concerns a post-divorce order modifying child support. Cheryl Denning refused to allow Thomas Denning to claim both of the parties' minor children as exemptions for income tax purposes, despite the fact that Cheryl's minimal income prevented her from benefiting from the exemptions. The district court ruled it would adjust Thomas' child support obligation unless Cheryl agreed to assign both exemptions to Thomas. Cheryl refused, and the district court reduced Thomas' child support obligation. SRS, as assignee of Cheryl's child support rights, appeals.

A trial court's order determining the amount of child support will not be disturbed on appeal absent an abuse of discretion. Discretion is abused when no reasonable person would take the view adopted by the trial court. *In re Marriage of Case,* 19 Kan. App. 2d 883, 889, 879 P.2d 632, *rev. denied* 255 Kan. 1002 (1994).

Section V.E.3 of the Kansas Child Support Guidelines (Guidelines) provides:

"Income Tax Considerations (Line E.3)

"If the parties agree to share the economic benefits of the income tax exemption for a minor child, this section shall not be used. If the parties are unable to agree

to share or alternate the exemption or, after agreeing the custodial parent refuses to execute IRS Form 8332, the court shall consider the economic effect to both parties and may adjust the child support. The court may also consider any other tax impacts. (Appendix VI)." (1995 Kan. Ct. R. Annot 98.)

Appendix VI provides:

"Dependent's Exemption:
    "If the parties share or alternate the income tax exemption, this appendix should not be used. If the custodial parent elects not to share or alternate the income tax exemption for the minor child by executing IRS Form 8332, the Court then shall consider the effect of the failure to share the exemption on the noncustodial parent's monthly Child Support Income and may adjust child support accordingly.
    "Generally, the parent with the higher income will benefit more from the tax exemption. The parties should be encouraged to maximize tax benefits and adjust child support equitably.
    "The party requesting the alternation or sharing of the exemption shall have the burden of proving the effect of the alternation or sharing. The amount considered should be entered on Line E.3." (1995 Kan. Ct. R. Annot. 128.)

Failure to follow the Guidelines is reversible error. *In re Marriage of Schwien*, 17 Kan. App. 2d 498, 511, 839 P.2d 541 (1992) (citing *In re Marriage of Schletzbaum*, 15 Kan. App. 2d 504, Syl. ¶¶ 1, 2, 809 P.2d 1251 [1991]).

On appeal, SRS argues the district court erred in taking into account income tax considerations under the Guidelines. SRS contends that because Cheryl agreed to continue sharing the exemptions, the district court was not allowed to consider income tax considerations. This contention misconstrues the Guidelines.

As noted above, Section V.E.3 permits the court to adjust child support if the parties are unable to agree to share the benefits of the exemption. In this case, there was no agreement between Thomas and Cheryl about alternating or sharing the exemptions. Cheryl's offer to share the exemption on a bi-yearly basis does not constitute an *agreement* to do so. Given the clear language of the Guidelines, as well as the direction in Appendix VI that "[t]he parties should be encouraged to maximize tax benefits and adjust child support equitably," the district court did not abuse its discretion in considering the economic impact of Cheryl's decision and modifying child support accordingly.

There is no dispute that Thomas could benefit from the tax exemptions and that Cheryl could not. In 1994, Thomas lost more than $800 because he was not allowed to claim both exemptions. Contrary to Cheryl's assertion, this was money that could have ultimately benefited the children. Cheryl refused to let Thomas use both exemptions. No reason for her refusal has ever been presented. Instead, she opted to let an exemption be wasted, to the detriment of Thomas and the children. In light of Cheryl's refusal, the district court did not err in reducing Thomas' child support obligation. A reasonable person could agree with the district court's decision.

SRS points out that if the parent with higher income is allowed to claim both exemptions, the district court should increase child support to reflect the tax benefit from that allowance. Certainly, from the children's point of view, that alternative is preferable to the result here. The difficulty is that Cheryl had that alternative available to her and she rejected it. Moreover, the record does not indicate that Cheryl asked for an increase in child support in exchange for letting Thomas claim both exemptions.

SRS also contends the district court's findings are inadequate to permit the court to consider income tax considerations. SRS did not make this argument below and it is not properly before us. See *Hephner v. Traders Ins. Co.*, 254 Kan. 226, 231, 864 P.2d 674 (1993). Additionally, SRS ignores the fact that Section I of the Guidelines states that "[u]se of Section E of the worksheet shall constitute sufficient written findings" to comply with the requirements for specific findings. (1995 Kan. Ct. R. Annot 83.)

Affirmed.