(987 P.2d 1134)
No. 79,147

In the Matter of the Marriage of DWANE SCOTT ROTH, *Appellee*, and LORA J. ROTH, *Appellant.*

—

Opinion filed August 13, 1999.

*John M. Lindner*, of Lindner & Marquez, of Garden City, for appellant.

*Mark E. McFarland* and *Randall D. Grisell*, of Doering, Grissell & McFarland, P.A., of Garden City, for appellee.

Before LEWIS P.J., RULON, J., and THOMAS H. BORNHOLDT, District Judge, assigned.

RULON, J.: Respondent Lora J. Roth appeals the district court's order granting petitioner Dwane Scott Roth's motion for reduction of child support. We reverse and remand with directions.

Petitioner and respondent divorced in 1988. The district court awarded the parties joint custody of their daughter, R.R., designating respondent as the residential custodian and awarding petitioner visitation. The court ordered petitioner to pay $325 a month in child support, with payments of $162.50 during January, February, and December when petitioner had extended visitation with the child. As agreed by the parties, the court ordered that petitioner would claim R.R. as a dependent tax deduction for the tax years 1987-1991. In 1993, the district court decreased petitioner's child support obligation to $250 a month as agreed by the parties.

In June 1995, the district court denied petitioner's motion for change of residential custody. The court granted petitioner visitation from Wednesdays after school to Fridays at 6:00 p.m., on alternate weekends, alternate holidays, and for the summer. During the summer respondent had R.R. Wednesdays through Fridays and on alternate weekends.

In 1996, petitioner filed a motion to modify child support. The district court used *shared custody* computations to reduce petitioner's child support obligation to $83 a month. The court further ordered the parties to alternate the dependent income tax deduc-

tion for R.R. The district court denied respondent's motion for reconsideration and respondent appeals.

## CHILD SUPPORT

Respondent argues the district court erred in applying the shared custody rules of the Kansas Child Support Guidelines to reduce petitioner's child support obligation. The standard of review of a district court's order determining the amount of child support is whether the district court abused is discretion, while interpretation of the Kansas Child Support Guidelines is subject to unlimited review by this court. *In re Marriage of Johnson,* 24 Kan. App. 2d 631, 636, 950 P.2d 267 (1997), *rev. denied* 264 Kan. 821 (1998); *In re Marriage of Case,* 19 Kan. App. 2d 883, 889, 879 P.2d 632, *rev. denied* 255 Kan. 1002 (1994).

Petitioner argues K.S.A. 60-1610(a)(4), which lists the types of custodial arrangements for child custody, controls the issue of whether the district court could apply the Kansas Child Support Guideline's shared custody provision. K.S.A. 60-1610(a)(4)(A) is titled "Joint custody" and states:

"The court may place the custody of a child with both parties on a shared or joint-custody basis. In that event, the parties shall have equal rights to make decisions in the best interests of the child under their custody. When a child is placed in the joint custody of the child's parents, the court may further determine that the residency of the child shall be divided either in an equal manner with regard to time of residency or on the basis of a primary residency arrangement for the child."

Petitioner argues K.S.A. 60-1610(a)(4)(A) makes joint custody and shared custody one and the same, while respondent argues otherwise.

K.S.A. 1610(a)(4)(A) creates a different status between joint custody and shared custody; shared custody is a more specific type of joint custody. Joint custody is a legal designation, with both parents having "equal rights to make decisions in the best interest of the child." Joint custody may be of two physical types: (1) shared custody, where the child's residence is "divided in an equal manner with regard to time of residency" or (2) primary residency, where the child's residence is "on the basis of a primary residency arrangement."

The district court originally ordered joint custody of R.R., with primary residency with respondent.

The Kansas Child Support Guidelines define shared custody, but not joint custody. At the time of the modification hearing in 1996, shared custody under the guidelines was "the regular sharing of residential custody on an equal or nearly equal amount of the child's time. To qualify for shared custody treatment, blocks of time must be regular and equal or nearly equal rather than equal based on a noncustodial extended visitation basis (i.e., summer visitation, holidays, etc.). . . ." Supreme Court Administrative Order No. 107, II.M. (1996 Kan. Ct. R. Annot. 88).

The Kansas Child Support Guidelines now contain an additional requirement that "the parties must be sharing direct expenses of the child on an equal or nearly equal basis. Direct expenses include but are not limited to clothing and education expense but do not include food, transportation, housing or utilities." Supreme Court Administrative Order No. 128, II.M. (1998 Kan. Ct. R. Annot. 95).

This court must apply the Kansas Child Support Guidelines in effect at the time of the hearing in 1996. Under a shared custody status, "the amount of the lower Net Parental Child Support Obligation is subtracted from the higher amount and the difference is then multiplied by .50. The resulting amount is the child support the party having the higher obligation will pay to the party with the lower obligation." Supreme Court Administrative Order No. 107, IV.G. (1996 Kan. Ct. R. Annot. 90).

The issue is whether the district court could apply the shared custody provision of the Kansas Child Support Guidelines when the original custody order did not specifically order shared custody. The Kansas Child Support Guidelines govern the setting of child support, while K.S.A. 60-1610(a)(4) governs the determination of child custody status. It is possible to apply the shared custody section of the child support guidelines without contravening K.S.A. 60-1610(a)(4). The Kansas Child Support Guidelines do not require the court to have ordered "shared custody," but instead list the elements to consider in determining whether the shared custody provision applies. This court must review whether the district court erred in finding those requirements were met.

Here, there was testimony to support a finding that petitioner had R.R. in blocks of time of an equal or nearly equal basis as respondent. This occurred by agreement of the parties, *not through operation of the custody order*. We are convinced the evidence, however, did not support a finding that R.R.'s time with petitioner changed from mere visitation to the level of shared residential custody. Based on the evidence presented, application of the shared custody provision was inappropriate. Under the circumstances, the district court should have applied the visitation allowance, giving petitioner credit for the time R.R. spent with him. See Supreme Court Administrative Order No. 107, V.E.2. (1996 Kan. Ct. R. Annot. 98). Upon remand, the district court must consider the record of the December 1996 modification hearing and compute child support based on joint custody with a visitation allowance. In the event of a future motion for modification, the district court must apply the current child support guidelines, which require an additional showing for shared custody that "the parties must be sharing direct expenses of the child on an equal or nearly equal basis." Supreme Court Administrative Order No. 128, II.M. (1998 Kan. Ct. R. Annot. 95).

We note that the better practice in these situations would be for the district court to modify the original child custody order to reflect a finding that a shared custody situation exists. We further invite the legislature to revisit K.S.A. 60-1610(4), the child custody statute, in light of the adoption of the Kansas Child Support Guidelines.

## INCOME TAX DEDUCTION

Respondent next argues the district court erred in ordering the parties to alternate the dependent income tax deduction for R.R. This court's standard of review is whether the district court abused its discretion. See *In re Marriage of Denning*, 22 Kan. App. 2d 226, 914 P.2d 576 (1996). Respondent asserts the parties' separation agreement provided petitioner would claim the tax deduction from 1987-1991, then respondent would claim the deduction for the remaining years.

K.S.A. 60-1610(b)(3) states that when the parties enter into a separation agreement which the court incorporates into the divorce decree, the court may not later modify that agreement unless the parties so agree, except for matters pertaining to the custody, support, or education of the minor child. Petitioner argues the district court could change the parties' agreement concerning the tax deduction because it was a child support issue subject to the court's continuing jurisdiction under K.S.A. 60-1610(b)(3). The Kansas Child Support Guidelines state:

"If the parties agree to share the economic benefits of the income tax exemption for a minor child, this section shall not be used. If the parties are unable to agree to share or alternate the exemption or, after agreeing the custodial parent refuses to execute IRS Form 8332, the court shall consider the economic effect to both parties and may adjust the child support. The court may also consider any other tax impacts." Supreme Court Administrative Order No. 107, V.E.3. (1996 Kan. Ct. R. Annot. 99).

Consequently, the district court is bound by the parties' separation agreement, although it may consider the impact of that agreement in setting the amount of child support. Which party may claim the dependent tax deduction is not a matter relating to the support of the child, so the district court does not retain jurisdiction under K.S.A. 60-1610(b)(3).

Reversed and remanded for further proceedings consistent with this opinion.