(28 P.3d 427)

No. 85,232

In the Matter of the Marriage of CHARLOTTE BURTON, *Appellee,* and JACK L. BURTON, *Appellant.*

Opinion filed July 13, 2001.

*Jack L. Burton,* appellant pro se.

*John T. Bird,* of Glassman, Bird & Braun, L.L.P., of Hays, for appellee.

Before KNUDSON, P.J., LEWIS, J., and WARREN M. WILBERT, District Judge, assigned.

WILBERT, J.: Jack L. Burton appeals the district court's ruling granting child support arrearage, entering a wage withholding order for current and past-due child support, and awarding Charlotte Burton attorney fees.

Jack and Charlotte were married in 1977 and divorced in May 1991. They have three children: Noah, dob: 6/6/78; Heidi, dob: 4/22/81; and Amber, dob: 8/15/82.

The court order granting the divorce gave residential custody of the minor children to Charlotte and ordered Jack to pay $697 per month for child support. In March 1994, the court reduced Jack's child support obligation to $400 per month after a loss of employment caused a reduction in income. In May 1995, Charlotte filed a motion to modify child support. In October 1995, the court noted the parties had agreed Jack would pay $444 per month beginning in August 1995 and entered this amount as its order.

After Noah turned 18 years old in June 1996, Jack attempted to recalculate his child support obligation by using the most recent court-approved child support worksheet. The worksheet reflected $326 in support for Noah and $284.50 for Heidi and Amber each. Jack's proportionate share of the combined income was 59.70%. Jack calculated his 59.70% of $326 that had abated due to Noah's majority to be $194.62 and subtracted that amount from $444. He concluded that his child support obligation for Heidi and Amber was $249.38 and started to pay this amount in June 1996.

Charlotte filed a motion to modify child support in July 1996. For reasons that are unclear, Charlotte did not pursue this motion. The amount of child support Jack paid from June 1996 until May 1999 was without the benefit of a court order or the proper calculation under the Kansas Child Support Guidelines (Administrative Order No. 128 [2000 Kan. Ct. R. Annot. 97]).

After Heidi graduated from high school, Jack again modified the amount of child support without a court order. Jack once again utilized the method he devised after Noah turned 18 years of age and determined that the child support for Amber would be $79.53. Jack did not think this was a fair amount, so he decided to pay one-half of the previous $249.38. On June 21, 1999, Charlotte filed a motion for modification of child support.

On December 15, 1999, the court held a hearing on Charlotte's motion to modify. The court ordered that Jack's child support payment would be $285 per month and awarded Charlotte $1,000 in attorney fees.

On February 28, 2000, an order for wage garnishment in the amount of $3,059.68 was entered with Jack's employer. Jack filed a motion to quash garnishment. At the hearing, Jack argued that

there was no arrearage pursuant to *Brady v. Brady*, 225 Kan. 485, 491, 592 P.2d 865 (1979), which allows one to reduce child support proportionately without coming back to the court for an order. However, the district court ruled that Jack had improperly calculated child support and had essentially entered his own order, causing an arrearage.

The district court entered an income withholding order for $285 per month for current support, and $100 per month for the past due support. On April 20, 2000, the district court entered an order of disbursal, noting Jack had failed to reply to the answer of the garnishee and was in default. The district court ordered the garnishee to pay $995.02. Jack appeals to this court.

" 'A trial court's order determining the amount of child support will not be disturbed on appeal absent an abuse of discretion.' " *In re Marriage of Scott*, 263 Kan. 638, 645, 952 P.2d 1318 (1998) (quoting *In re Marriage of Denning*, 22 Kan. App. 2d 226, 914 P.2d 576 [1996]). The Kansas Child Support Guidelines are the basis for establishing and reviewing child support orders in Kansas. The court must follow the guidelines and a deviation from the guidelines without a stated reason is reversible error. *In re Marriage of Thurmond*, 265 Kan. 715, 716, 962 P.2d 1064 (1998). The interpretation of the child support guidelines is a question of law. 265 Kan. at 717.

Jack does not challenge the district court's order of $285 in child support per month beginning in June 1999. Jack seeks relief from the court's order finding him in arrears because he improperly reduced the amount of child support he was paying when Noah reached the age of majority. Jack relies on the *Brady* case, in which the court held:

"When a child attains the age of majority, or when a child goes to live with the other parent, or when a child dies, the obligation to pay support *for that child* should automatically cease and terminate unless the agreement provides otherwise.

"Under the proportionate share rule of divisibility, needless litigation will be avoided because neither party will be required to seek an immediate court order. If, however, the proportionate share is unfair under the circumstances, either party can apply to the court for a change under K.S.A. 1978 Supp. 60-1610(a). In any event, the parent who pays support pursuant to a lump sum award should be

allowed to reduce support proportionately as the children become of age without returning to court each time." 225 Kan. at 491.

At the hearing on the motion to quash garnishment, Jack argued that no arrearage existed because he had merely reduced the amount of support he was paying when Noah reached majority as *Brady* allowed for him to do. Jack asserted that it was proper to reduce his payments by the amount he had been paying for Noah, not according to the *Brady* proportionate share rule. Jack contended that *Brady* was decided before the child support guidelines came into effect and dealt with a lump sum of support, whereas he paid an individual amount for each child.

Charlotte argued that Jack should have paid $296 per month (two-thirds of $444) after Noah reached the age of majority, but Jack improperly paid $281.50 based upon his own calculations. Thus, he had an arrearage of $3,059.68.

The district court noted that while there may be a breakdown per child on the child support worksheet, Jack could not simply deduct the amount for Noah when he turned 18 because the applicable child support worksheet would then be a two-child schedule as opposed to a three-child schedule, which leads to an increase in support. The court held that Jack could not recalculate the support and enter his own order. Thus, the court found that Jack was in arrears. The court accepted Charlotte's amount of $3,059.68 as being the correct amount of the arrearage.

Subject to the provisos in K.S.A. 60-1610 under which child support may continue after a child attains 18 years of age, the proportionate share rule in *Brady* has application even after enactment of the Kansas Child Support Guidelines. *Brady* permits a pro rata reduction as a matter of law without the necessity of returning to court. However, in this appeal, Jack did not reduce his child support proportionately as is permitted by *Brady*.

Jack argues that the doctrine of laches bars Charlotte's claim to a child support arrearage. He points out that although Charlotte filed a motion to modify in 1996, she did not pursue it. Instead, she accepted the support proffered by Jack for 3 years.

In the case of *In re Marriage of Jones*, 22 Kan. App. 2d 753, 757, 921 P.2d 839, *rev. denied* 260 Kan. 993 (1996), the court held the

doctrine of laches could apply to child support cases. The doctrine of laches is an equitable principle designed to bar stale claims. In *Jones*, the court stated:

"Because April had reached the age of majority at the time Mary brought her action, the revivor action brought by Mary cannot be applied to her. *Kansas case law interpreting K.S.A. 60-1610(a)(1) states: 'K.S.A. 60-1610(a)(1) provides for support and education of minor children, making no provision for application of the funds other than for such support. The statute thus contemplates the use of such funds for support rather than for the reimbursement of funds to the custodial parent for past deficiencies.' Dallas v. Dallas, 236 Kan. 92, 95, 689 P.2d 1184 (1984). It would, therefore, contravene the purpose of the statute to allow Mary to now recover back payments of child support on behalf of her daughter April.*" 22 Kan. App. 2d at 761.

In this case, as noted above, Charlotte accepted the amount of child support Jack paid from July 1996 to June 1999. For the period of time the support paid was more than adequate for one child. In June 1999, Heidi reached the age of majority. As we reason it, in June 1999 any arrearage would have been for Heidi's support, who had reached the age of majority. For that reason, any arrearage would reimburse Charlotte for Heidi's support. Jack would not be providing child support for Amber. We conclude that Charlotte's inaction for 3 years under these facts raises laches as a bar to any claim for arrearage due from June 1996 to July 1999. The trial court's order awarding arrearages for the period is reversed.

Having determined that the district court should not have awarded arrearage for past due child support, that portion of the income withholding orders applying to arrearages, including garnishment and disbursement of funds orders, are set aside.

Jack does not challenge the district court's order of $285 child support per month beginning in June 1999 for Amber. Jack does challenge the district court's authority to enter an income withholding order to enforce future support; however, K.S.A. 2000 Supp. 23-4,107(b) clearly provides for income withholding orders for all new or modified orders of support. Jack does not assert the exceptions provided in subsections (j), (k), or (l) apply. Thus, according to the statute, the district court had authority to enter a

wage withholding order for current and future support without further notice to Jack when it entered the modified support order.

Jack also challenges the district court's award of attorney fees to Charlotte's attorney. The district court is vested with wide discretion to determine the amount and the recipient of an allowance of attorney fees. When reviewing an award of attorney fees, the appellate court does not reweigh the testimony or evidence presented or reassess the credibility of witnesses. *In re Marriage of Patterson,* 22 Kan. App. 2d 522, 534-35, 920 P.2d 450 (1996). An attorney fee award will not be set aside on appeal when supported by substantial competent evidence. *Powell v. Powell,* 231 Kan. 456, 463, 648 P.2d 218 (1982).

Charlotte's attorney submitted an attorney fees statement of approximately $2,300 of which the court awarded attorney fees of $1,000. This court is unable to determine whether the $1,000 was for time expended in arguing the arrearage or in resolving the award for Amber, which Jack does not contest. In light of this court's order setting aside the arrearage, we are unable to determine if there is substantial competent evidence to justify the award of attorney fees. For that reason, the attorney fees award is set aside and remanded to the district court for further consideration.

Affirmed in part, reversed in part, and remanded for further proceedings.