(34 P.3d 1131)

No. 85,494

In the Matter of the Marriage of JOLENE MARIE KARST, *Appellee,* and MELVIN B. KARST, *Appellant.*

Opinion filed November 21, 2001.

*Thomas C. Boone,* of Law Office of Thomas C. Boone, of Hays, for the appellant.

*John T. Bird,* of Glassman, Bird & Braun, L.L.P., of Hays, for the appellee.

Before PIERRON, P.J., GERNON, J., and BUCHELE, S.J.

BUCHELE, J.: Melvin B. Karst appeals the finding that the parties did not have "shared custody" as defined in the Kansas Child Sup-

port Guidelines (KCSG). Supreme Court Administrative Order No. 128 (2000 Kan. Ct. R. Annot. 97).

Melvin and Jolene Marie Karst were divorced January 8, 1991, and awarded joint custody of their four minor children. Currently, two of the children are past the age of majority and the other two, Jonathan (age 16) and Clayton (age 14), primarily reside with Jolene. Jolene has always had residential custody of these two children.

The proceedings leading to this appeal began when Melvin filed a motion for change of Jonathan's custody. Jolene then filed a motion to modify child support. Both matters were eventually heard, and the district court entered findings and orders denying the motion to change custody and reduced the amount of child support payable by Melvin by $300 per month as a visitation adjustment. In making this adjustment, the court specifically found that no shared custody arrangement has existed at any time in this case. Melvin appeals this decision.

Melvin claims the district court disregarded a 1995 mediation report creating shared custody and various time-sharing exhibits in making its ruling. Melvin does not claim an extrinsic consideration played a role in the court's finding or that the court erred in interpreting or applying the KCSG.

The standard of review of a district court's order determining the amount of child support is whether the district court abused its discretion, while interpretation of the KCSG is subject to unlimited review. *In re Marriage of Johnson*, 24 Kan. App. 2d 631, 636, 950 P 2d. 267 (1997), *rev. denied* 264 Kan. 821 (1998). The district court's finding that shared custody did not exist amounts to a negative finding. A negative finding "will not be disturbed absent an arbitrary disregard of undisputed evidence or some extrinsic consideration such as bias, passion, or prejudice. " See *Nance v. Harvey County*, 263 Kan. 542, 551, 952 P.2d 411 (1997).

Here, the mediation report states that the parties agreed to "share the physical and legal custody of their children." The district court considered the language in this report in light of the entire case history and concluded that no shared custody arrangement, as that term is used in the KCSG, existed in this case. The court

determined that the mediation report was drafted by a nonlawyer and used the term "shared custody" in a manner different than contemplated by the KCSG.

The KCSG governs the setting of child support, while 60-1610(a)(4) governs the determination of child custody status. *In re Marriage of Roth*, 26 Kan. App. 2d 365, 368, 987 P.2d 1134 (1999). The district court was correct in using the shared custody provisions in the KCSG for setting child support rather than focusing on the purported custody determination. It is possible to apply the shared custody provisions of the KCSG without contravening 60-1610(a)(4). 26 Kan. App. 2d at 368.

It is apparent from the record that the district court considered the time-sharing percentages of custody in the exhibit prepared by Melvin. Jolene also submitted evidence regarding the time the minor children spent with Melvin. Jolene testified that she received no real financial benefit for the time the children were with their father and that she generally provided for the children financially, including provisions for their direct expenses such as clothing and school lunch tickets.

The considerations for using the shared custody provisions are set forth in the KCSG. Supreme Court Administrative Order No. 128, II.M. (2000 Kan. Ct. R. Annot. 97). In determining whether the shared custody provisions of the KCSG should be applied, two elements must be considered: Is there a regular sharing of residential custody on an equal or nearly equal basis; and are the direct expenses of the children being shared on an equal or nearly equal basis by the parents. An affirmative finding on both elements is necessary for the shared custody provisions of the child support guidelines to be applicable.

The district court found that although Melvin spent substantial time with the children, the sharing of residential custody was not equal or nearly equal. The court also found that Melvin shared some of the expenses, but not on an equal or nearly equal basis. The parties' evidence on these issues was controverted. From the record it appears that the evidence and testimony presented was carefully considered by the court in its 21-page journal entry. The

court's finding that no shared custody arrangement existed for the purpose of the KCSG is affirmed.

Affirmed.