(93 P.3d 1219)

No. 90,575

In the Matter of the Marriage of KAREN SUE MELLOTT, *Appellant,* and PAUL ASHLEY MELLOTT, *Appellee.*

—

Opinion filed July 23, 2004.

*Nancy A. Roe,* of Kansas City, for appellant.

*William F. Dunn* and *Roberta L. Wilkes,* of Bonner Springs, for appellee.

Before MARQUARDT, P.J., MALONE, J., and ERIC S. ROSEN, District Judge, assigned.

MALONE, J.: Karen Sue Mellott appeals the district court's order modifying the child support obligation of Paul Ashley Mellott. Karen claims that the district court erred by not considering Paul's tuition reimbursement as income under the Kansas Child Support Guidelines (Guidelines). She also claims that the district court erred in adjusting the child support obligation based upon the overall financial condition of the parties.

The sparse record on appeal reflects the following background. Karen and Paul were divorced in October 1997. There are three children. Originally, the district court ordered Paul to pay Karen child support in the amount of $872 per month. In January 2002, Paul filed a motion to modify child support based on a change in circumstances. On March 26, 2002, a hearing officer reduced Paul's monthly child support obligation to $721.50. Karen's motion to reconsider was denied, and she filed a notice of appeal to district court.

On June 20, 2002, the district court heard arguments and increased Paul's monthly child support obligation to $1,055, to be automatically raised to $1,105 per month on August 1, 2002. At the hearing, the court indicated that it would give Paul an opportunity to provide additional information concerning his income.

On March 10, 2003, the district court again entertained arguments considering child support. Based on evidence presented at this hearing, the district court modified the monthly child support to $791.54 retroactive to March 1, 2002. In calculating Paul's income, the district court declined to include tuition reimbursement Paul received from his employer while attending Baker University. The court also ordered a $100 per month reduction in child support based upon the "overall financial condition" of the parties. Karen timely appeals.

*Tuition reimbursement*

Karen alleges that the district court erred in failing to consider Paul's total income in calculating child support. Specifically, she claims that it was improper for the district court not to include tuition reimbursements received by Paul from his employer in calculating Paul's income.

"The standard of review of a district court's order determining the amount of child support is whether the district court abused its discretion, while interpretation of the [Kansas Child Support Guidelines] is subject to unlimited review. [Citation omitted.]" *In re Marriage of Karst*, 29 Kan. App. 2d 1000, 1001, 34 P.3d 1131 (2001), *rev. denied* 273 Kan. 1035 (2002).

In determining a wage earner's income, the hearing officer or the district court is to consider "income from all sources, excluding public assistance and child support received for other children in the custody of either parent." Administrative Order No. 128, Kansas Child Support Guidelines § II D (2003 Kan. Ct. R. Annot. 100-01). Income in this section includes "all income which is *regularly and periodically received* from any source." (Emphasis added.) § II D (2003 Kan. Ct. R. Annot. 101).

Paul argues that tuition reimbursement is not income that is "regularly and periodically received" from any source. In construing a statute, words are to be given their ordinary meaning. *GT, Kansas, L.L.C. v. Riley County Register of Deeds*, 271 Kan. 311, 316, 22 P.3d 600 (2001). Although Paul periodically receives tuition reimbursements from his employer, his school enrollment is generally temporary. Thus, Paul argues that the tuition reimbursements should not be considered regular income in calculating child support.

The question of whether tuition reimbursements can be considered income has never been answered by a Kansas court and the Guidelines do not directly address the issue. However, since a statute is to be construed as a whole in interpreting its various provisions, *State v. Brown*, 272 Kan. 843, 847, 35 P.3d 910 (2001), the Guidelines do offer assistance in determining whether tuition reimbursements should be included in income. Under the imputed income section of the Guidelines, income *may be* imputed to a noncustodial parent when "a parent receives significant in kind payments *that reduce personal living expenses* as a result of employment, such as a company car, free housing, or reimbursed meals." (Emphasis added.) § II E (2003 Kan. Ct. R. Annot. 101-02).

Based upon this language, reimbursements from an employer should only be included as income if they reduce a person's living expenses. Tuition reimbursements do not reduce a person's living expenses. As the name implies, the reimbursement is to cover the cost of tuition, not the cost of living expenses. The expense of adult college education does not fall into the same category as expenses

for housing, food, and transportation, which are included as imputed income if reimbursed.

This reasoning is consistent with child support decisions in other jurisdictions. Although no other state has specifically addressed the issue of tuition reimbursement, a number of states have examined the effect of student loans or grants on child support. Courts agree that when a loan or grant is to cover the cost of tuition and books, it should not be considered as income in calculating child support. *E.g., In re Marriage of Rocha*, 68 Cal. App. 4th 514, 517, 80 Cal. Rpt. 2d 376 (1998) (holding that educational loans cannot be considered for calculating child support since they have to be repaid); *Lacey v. Lacey*, 2003 WL 23206069, 4 (Tenn. Ct. App. 2003) (holding that a tuition waiver is not the same as income for child support purposes). However, a controversy arises when a loan or grant exceeds the amount of tuition and books. *E.g., Gilbertson v. Graff*, 477 N.W.2d 771, 774 (Minn. App. 1991) (stating that only student loan amounts that exceed the amount for paying for tuition and books are to be considered income).

Here, there is nothing in the record indicating that Paul's tuition reimbursement from his employer exceeded the tuition and expenses incurred by Paul for his education. Based upon the record presented, we conclude that the district court did not err by not considering Paul's tuition reimbursement in calculating his income under the Guidelines.

### Adjustment for overall financial condition

Next, Karen argues that the district court lacked jurisdiction to consider an adjustment in child support based upon the overall financial condition of the parties. Even if the court had jurisdiction, Karen claims that the district court's $100 adjustment was not supported by the evidence or by appropriate findings of the court.

Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. *Cypress Media, Inc. v. City of Overland Park*, 268 Kan. 407, 414, 997 P.2d 681 (2000).

When Paul's motion to modify child support was originally before the hearing officer, his request for an adjustment based on overall financial condition of the parties was denied. Karen ap-

pealed the hearing officer's child support order to district court. However, Paul did not specifically appeal the hearing officer's determination not to include an adjustment for overall financial condition. Accordingly, Karen argues that the district court lacked jurisdiction to consider an adjustment for overall financial condition in determining the amount of child support.

Karen cites no controlling legal authority for her argument. We find nothing in the statutes or the Guidelines which requires a party to file a cross-appeal of any adverse rulings of a domestic hearing officer when the other party appeals the hearing officer's decision to district court. However, the Guidelines do provide that "all relevant evidence" shall be considered by the court in determining child support. § I (2003 Kan. Ct. R. Annot. 99). Since Karen appealed the child support decision by the hearing officer to district court, it stands to reason that the court could then consider all relevant evidence to determine the appropriate amount of support. Karen's argument that the district court lacked jurisdiction to consider an adjustment based upon the parties' overall financial condition is without merit.

Karen further argues that the district court's $100 per month adjustment was not supported by the evidence or by appropriate findings of the court. Although a district court's determination of the amount of child support is subject to an abuse of discretion standard, failure to follow the Guidelines is considered an abuse of discretion unless the district court justifies any deviation in writing. *In re Marriage of Schoby*, 269 Kan. 114, 120-21, 4 P.3d 604 (2000).

"Child Support Adjustments are considerations of additions or subtractions from the Net Parental Child Support Obligation *to be made in the best interests of the child.*" (Emphasis added.) § II K (2003 Kan. Ct. R. Annot. 103). "The Court, in using Child Support Adjustments to modify the child support amount, shall use Section E of the worksheet to make written findings, which shall be included in the journal entry, for the reasons for any deviation from the Basic Parental Child Support Obligation on Line D.9." § I (2003 Kan. Ct. R. Annot. 99).

This court has previously stated that a district court must make written findings concerning any deviations from the Guidelines. *Shaddox v. Schoenberger*, 19 Kan. App. 2d 361, 363, 869 P.2d 249 (1994). Failure to make such findings is considered an abuse of discretion and requires reversal. 19 Kan. App. 2d at 363.

At the March 10, 2003, hearing, Paul's attorney requested a $100 per month adjustment based on overall financial condition because Paul "didn't have enough money to live on" and he was living in his grandparents' house. The district court allowed the adjustment. However, the district court made no findings to support the adjustment either orally or in writing. The district court did not explain how the adjustment was in the best interests of the children, as required by the Guidelines. Furthermore, the district court did not use Section E of the worksheet to make written findings to support the adjustment. This is mandatory under the Guidelines.

Based upon the record presented, we are required to reverse the district court's $100 per month adjustment to the child support obligation based upon the overall financial condition of the parties. The case is remanded to district court with directions to set aside the adjustment and to increase Paul's child support obligation from $791.54 per month to $891.54 per month.

Affirmed in part, reversed in part, and remanded with directions.